# UNITED STATES DISTRICT COURT
## District of Kansas
(Kansas City Docket)

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                     CASE NO.   21-20049-DDC/JPO

FAITH NACCARATO,

        Defendant.

# INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

### TAMPERING WITH A CONSUMER PRODUCT
**[18 U.S.C. § 1365(a)]**

On or about and between January 4, 2020 and April 26, 2020, in the District of Kansas, the defendant,

**FAITH NACCARATO,**

with reckless disregard for the risk that another person would be placed in danger of bodily injury, and under circumstances manifesting extreme indifference to such risk, tampered with consumer products that affected interstate commerce by accessing the

1

Automated Dispensing Cabinet at Menorah Medical Center with her fingerprint, removing at least four vials containing fentanyl 100mcg/2ml, which were from a Missouri distributor, removing the fentanyl from the vial, and replacing the fentanyl with an alternate liquid before returning the vial to the Automated Dispensing Cabinet.

In violation of Title 18, United States Code, Section 1365(a).

## COUNT 2

### TAMPERING WITH A CONSUMER PRODUCT
**[18 U.S.C. § 1365(a)]**

On or about and between February 13, 2020 and April 16, 2020, in the District of Kansas, the defendant,

### FAITH NACCARATO,

with reckless disregard for the risk that another person would be placed in danger of bodily injury, and under circumstances manifesting extreme indifference to such risk, tampered with consumer products that affected interstate commerce by accessing the Automated Dispensing Cabinet at AdventHealth Shawnee Mission with her fingerprint, removing at least two vials containing fentanyl 100mcg/2ml, which were from a Missouri distributor, removing the fentanyl from the vial, and replacing the fentanyl with an alternate liquid before returning the vial to the Automated Dispensing Cabinet.

In violation of Title 18, United States Code, Section 1365(a).

## COUNT 3

### POSSESSION OF FENTANYL BY DECEPTION AND SUBTERFUGE
**[21 U.S.C. § 843(a)(3) and (d)]**

On or about and between January 1, 2020 and April 26, 2020, in the District of Kansas, the defendant,

**FAITH NACCARATO,**

knowingly and intentionally acquired and obtained possession of fentanyl, a controlled substance, by misrepresentation, deception, and subterfuge, from Menorah Medical Center.

In violation of Title 21, United States Code, Sections 843(a)(3) and (d).

## COUNT 4

### POSSESSION OF FENTANYL BY DECEPTION AND SUBTERFUGE
**[21 U.S.C. § 843(a)(3) and (d)]**

On or about and between February 13, 2020 and April 16, 2020, in the District of Kansas, the defendant,

**FAITH NACCARATO,**

knowingly and intentionally acquired and obtained possession of fentanyl, a controlled substance, by misrepresentation, deception, and subterfuge, from AdventHealth Shawnee Mission.

In violation of Title 21, United States Code, Sections 843(a)(3) and (d).

## FORFEITURE NOTICE

1.      The allegations contained in Counts 1 through 4 of this Indictment are

hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

### FORFEITURE NOTICE – CONTROLLED SUBSTANCE VIOLATIONS

2.      Upon conviction of the offenses identified in Counts 3 and 4 of this Indictment, the defendant,

### FAITH NACCARATO,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses.  The property to be forfeited includes, but is not limited to:

a.   6 single-use catheters;

b.   4 intravenous start kits;

c.   4 intravenous administration sets;

d.   4 intravenous extension sets;

e.   2 packs of gauze sponges (ten per pack);

f.   2 gauze bandage rolls, four non-adherent pads;

g.   7 packs of gauze sponges (two per pack);

h.   11 alcohol prep pads;

i.   1 suture removal tray;

j.   3 packs of reinforced skin closures (a three pack, a two pack, and a one pack);

k.   5 packs of swab sticks (three per pack);

l.   2 cotton balls;

m.   1 bottle of Purell hand sanitizer (two ounces);

n.  1 bottle of odor eliminator (two ounces);

o.  2 rolls of surgical tape;

p.  All items recovered from Defendant's vehicle on May 1, 2020; and

q.  Kansas Board of Nursing registration number 120963, issued to Faith Naccarato.

A TRUE BILL.


September 22, 2021                    /s/Foreperson
DATE                                            FOREPERSON OF THE GRAND JURY


DUSTON J. SLINKARD
ACTING UNITED STATES ATTORNEY

By: /s/ Faiza H. Alhambra
Faiza H. Alhambra
Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Ph: (913) 551-6904
Fax: (913) 551-6541
Email: faiza.alhambra@usdoj.gov
Ks. S. Ct. No. 24525


IT IS REQUESTED THAT THE TRIAL BE HELD IN KANSAS CITY, KANSAS

## PENALTIES

### Counts 1 and 2: Tampering with a Consumer Product, 18 U.S.C. § 1365(a)

- Punishable by a term of imprisonment of no more than ten (10) years.  18 U.S.C. § 1365(a).

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

- Restitution.  18 U.S.C § 3663A(c)

### Counts 3 and 4: Obtaining Controlled Substances by Deception and Subterfuge, 21 U.S.C. § 843(a)(3) and (d)

- Punishable by a term of imprisonment of not more than four (4) years.  21 U.S.C. § 843(d)(1).

- A term of supervised release of not more than one (1) year.  18 U.S.C. § 3583(b)(3).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

- Restitution.  18 U.S.C § 3663A(c)